UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL C. CREW,

                              Plaintiff,

                v.

CITY OF NEW YORK,
NYPD OFFICER WILLIAM MORRIS,
NYPD OFFICER DANIEL OMAHONEY,

                              Defendants.

ECF CASE

Case No. 15-CV-7196

**COMPLAINT**

**JURY TRIAL DEMANDED**

        COMES NOW THE PLAINTIFF, Michael C. Crew, by his attorneys, Steven M. Warshawsky and the Warshawsky Law Firm, for his complaint against the defendants, City of New York, NYPD Officer William Morris, and NYPD Officer Daniel Omahoney, and alleging upon personal knowledge and information and belief as follows:

## NATURE OF THE CASE

        1.      This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from the plaintiff's arrest on February 2, 2014, by officers of the New York City Police Department. These officers subjected the plaintiff to false arrest, false imprisonment, excessive force, and other abuses of police authority, without probable cause, arguable probable cause, or other legal justification. The plaintiff is entitled to compensatory damages for the harms he has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief.  The plaintiff demands trial by jury.

## PARTIES

2.    Plaintiff **Michael C. Crew** is an adult citizen of New York and resides in New York, New York.

3.    Defendant **City of New York** is a municipality of the State of New York.  The NYC Corporation Counsel is Zachary Carter.  The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007.  The New York City Police Department is an agency or instrumentality of the City of New York.  The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4.    Defendant **NYPD Officer William Morris** (Shield No. 16924) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 6th Precinct located at 233 West 10th Street, New York, New York, 10014; (212) 741-4811.  Officer Morris personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Morris was acting under color of state law and in the scope of his employment with the NYPD.  Officer Morris is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

5.    Defendant **NYPD Officer Daniel Omahoney** (Shield No. 1637) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 6th Precinct located at 233 West 10th Street, New York, New York, 10014; (212) 741-4811.  Officer Omahoney personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Omahnoney was acting under color of state law and in the scope of his employment with the NYPD.  Officer Omahoney is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

7.     This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

8.     This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9.     There are no administrative exhaustion requirements for bringing the present civil rights claim under 42 U.S.C. § 1983.  Allegations pertaining to the New York notice of claim requirements are set forth below.

## FACTUAL ALLEGATIONS

10.     The events in this case took place on Sunday, February 2, 2014, at approximately 4:30 a.m. (i.e., very late Saturday night). The weather conditions that night/morning were cold with snow and ice on the ground.

11.     Mr. Crew was leaving the HILO Bar located at 26 Ninth Avenue in New York, New York (between 13th Street and 14th Street).  Mr. Crew was accompanied by four friends (two men and two women).

12.     Mr. Crew was not intoxicated or under the influence of drugs.  He was not acting in a disorderly manner.  He was not conversing in a loud, abusive, or obscene

manner.  He was not acting in a violent, tumultuous, or threatening manner.  He was not obstructing pedestrian or vehicular traffic.

13.     When Mr. Crew and his friends left the club, they noticed a crowd of people forming around two cab drivers who were having an argument.  One of Mr. Crew's friends walked over to see what was happening and Mr. Crew accompanied him.

14.     The HILO Bar is located in the meatpacking district of Manhattan. The crowd forming outside the club was predominantly white.  Mr. Crew and his friends are African-American.

15.     Shortly thereafter, two police officers (both white), one in uniform and one in plainclothes, arrived on the scene, pushed their way through the crowd, and ordered the people who were gathering there to disperse.

16.     Mr. Crew and his friend promptly complied with the officers' order and started walking away towards the sidewalk.   They were walking at an appropriate pace and in an appropriate direction.  No reasonable police officer on the scene would have believed that Mr. Crew was not complying with the order to disperse.

17.     While Mr. Crew was walking away, without warning or provocation, the uniformed officer forcefully shoved Mr. Crew in the back and shouted, "I told you to go." Mr. Crew was startled and stumbled, then turned around with a perplexed look on his face and asked his friend, "Why is this guy pushing me?"

18.     Upon information and belief, the uniformed officer who shoved Mr. Crew was defendant Officer Morris.  There was no basis for Officer Morris to believe that Mr. Crew was not complying with the order to disperse.  There was no justification for Officer Morris to shove Mr. Crew.  Upon information and belief, Officer Morris intentionally singled out and assaulted Mr. Crew because he is African-American.

19.     Without warning or provocation, Officer Morris then shoved Mr. Crew again, this time even more forcefully and on the chest.  This caused Mr. Crew to start falling backwards.  While he was falling backwards, Mr. Crew instinctively reached out and grabbed Officer Morris' jacket to try to stop himself from falling.  Officer Morris then grabbed Mr. Crew by his arms and shoulders and starting lifting him up.  Mr. Crew believed that Officer Morris was helping him to his feet, and he apologized for grabbing his jacket, but then Officer Morris tried to throw Mr. Crew on the ground, the two men became tangled, and they both fell to the street.

20.     At no time did Mr. Crew hit, trip, throw, or otherwise assault Officer Morris.  The physical contact between them was initiated by Officer Morris, without legal justification and for malicious purposes.  Mr. Crew did nothing more than try to prevent himself from falling.  No reasonable police officer on the scene would have believed that Mr. Crew was attempting to hit, trip, throw, or otherwise assault Officer Morris.

21.     After Mr. Crew and Officer Morris fell to the ground, additional police officers rushed over and started assaulting Mr. Crew.  Upon information and belief, Officer Omahoney was one of the officers who assaulted Mr. Crew.  Mr. Crew was pushed, grabbed, punched, kicked, and struck with batons, while the officers cursed at him.

22.     When Mr. Crew was being assaulted, he did not resist or strike back at the police officers.  He kept his arms and hands spread out and repeatedly stated that he was not doing anything.

23.     At one point while he still was on the ground, Mr. Crew felt a police officer place a knee in the middle of his back and then lift up his head and torso from behind.  While he was being held in this position, he saw Officer Morris walk up to him and knee him twice in the face, breaking his nose and causing extensive bleeding and bruising.  Then Mr. Crew was pulled to his feet and placed under arrest.

24.     The officer who placed Mr. Crew under arrest was defendant Officer Omahoney.  While at the scene, Officer Omahoney tried to "create a record" to cover up what had happened to Mr. Crew, by loudly and falsely telling Mr. Crew that he had grabbed Officer Morris and tried to strangle him.  This was a malicious fabrication.

25.     When he was arrested, Mr. Crew was placed in both handcuffs and leg shackles.  He remained in handcuffs and leg shackles most of the time he was at the precinct, including while inside the holding cell, and at the hospital (for treatment for his injuries).  Officer Omahoney and other officers told him that this was punishment for trying to fight a police officer and that "this is what we do to people who think they're tough guys."

26.     Mr. Crew was transported by police van to the 6th Precinct in Greenwich Village.  He arrived at the precinct around 4:50 a.m.  He was processed and placed in a holding cell (still in handcuffs and leg shackles).

27.     While Mr. Crew was being processed, Officer Morris used his personal cell phone to take a photograph – a trophy photo – of Mr. Crew's bloodied and bruised face.

28.     Around 6:00 a.m., Mr. Crew was transported by EMT to Bellevue Hospital Center (still in handcuffs and leg shakles), where he was examined and treated for his injuries.  He was diagnosed with bilateral displaced nasal bone fractures with surrounding soft tissue swelling and left supraorbital soft tissue swelling.  He was advised that he may require plastic surgery for his injuries.  Mr. Crew was discharged and returned to the precinct around 6:00 p.m.

29.     Back at the precinct, Mr. Crew was interviewed by investigators from the Internal Affairs Bureau and other police detectives, after which Officer Omahoney started being more polite to him.

30.     Mr. Crew was transported to Central Booking in downtown Manhattan around 9:00 p.m. that night (still on February 2, 2014).

6

31.     Mr. Crew was charged by felony complaint with a litany of bogus crimes, including Assault in the Second Degree (P.L. 120.05(3)); Strangulation in the Second Degree (P.L. 121.12); Obstructing Governmental Administration (P.L. 195.05); Resisting Arrest (P.L. 205.30); and two counts of Disorderly Conduct (P.L. 240.20(5) and P.L. 240.20(6)).

32.     The felony complaint was prepared and sworn to by Officer Omahoney.  It was dated February 2, 2014, at 7:00 p.m.  The charges against Mr. Crew were based on false and malicious statements given by Officer Omahoney and Officer Morris.  The lies included:  "the defendant refused to step towards the sidewalk and that he was not moving"; "the defendant pushed him [Officer Morris]"; "the defendant place[d] his arm around Officer Morris' neck and lock[ed] Officer Morris' head in between defendant's arms";  "I saw the defendant throw Officer Morris to the ground"; "I then saw the defendant on top of Officer Morris' body and saw the defendant place both hands around Officer Morris' throat"; and "he prevented me from putting him in hand cuffs."

33.     Mr. Crew was arraigned that night, on February 2 or February 3, and pleaded not guilty.  The judge set bail at $15,000, which required Mr. Crew to pay $1500 before he would be released from custody.  Mr. Crew was not able to pay the bail for two days.  He finally was released on February 4, 2014, around 11:00 a.m.

34.     Mr. Crew spent approximately 55 hours in police custody.

35.     Mr. Crew testified about this matter before the grand jury in or about January 2015.  The grand jury refused to issue an indictment.   All charges against Mr. Crew have been dismissed.

36.     Mr. Crew served a notice of claim on the New York City Comptroller's Office on March 21, 2014.  No 50-h hearing was conducted.  To date, the city has neglected or refused to settle this matter administratively.

37.     This action originally was filed on October 22, 2014, in the New York Supreme Court for the County of New York, Index No. 160320/2014.  On July 29, 2015, the parties filed a stipulation of voluntary discontinuance without prejudice, pursuant to which the parties agreed that "the running of any statute of limitations applicable to the plaintiff's claims against the defendants in this action shall be tolled for 45 days following the filing of this Stipulation, during which time the plaintiff shall re-file this action in the U.S. District Court for the Southern District of New York."

## CLAIMS AGAINST CITY OF NEW YORK

38.     The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' and other unidentified police officers' violations of the plaintiff's state law rights, as alleged herein.

39.     No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST OFFICER MORRIS

40.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant NYPD Officer William Morris is liable to the plaintiff under federal and state law, as follows:

41.     Count One:  excessive force in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for initiating and then participating in the group assault on Mr. Crew, intentionally and unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.

42.     Count Two:  assault and battery in violation of New York state law, for initiating and then participating in the group assault on Mr. Crew, intentionally and

unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.  The City of New York is vicariously liable for this violation.

43.     Count Three:  false arrest and false imprisonment in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for intentionally and maliciously providing false statements that resulted in Officer Omahoney arresting and confining Mr. Crew, without probable cause or other legal justification.

44.     Count Four:  false arrest and false imprisonment in violation of New York state law, for intentionally  and maliciously providing false statements that resulted in Officer Omahoney arresting and confining Mr. Crew, without probable cause or other legal justification.  The City of New York is vicariously liable for this violation.

45.     Count Five:  malicious prosecution in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for intentionally  and maliciously providing false statements that resulted in Officer Omahoney filing a knowingly false felony complaint against Mr. Crew, charging him with crimes he did not commit, without probable cause or other legal justification.

46.     Count Six:  malicious prosecution in violation of New York state law, for intentionally  and maliciously providing false statements that resulted in Officer Omahoney filing a knowingly false felony complaint against Mr. Crew, charging him with crimes he did not commit, without probable cause or other legal justification.  The City of New York is vicariously liable for this violation.

47.     Officer Morris is not entitled to qualified immunity for any of these violations.   In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Morris.   In each instance, it was not reasonable for Officer Morris to believe his actions did not violate the plaintiff's federal and state law rights.

48.     In each instance, Officer Morris acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

49.     As a result of Officer Morris' unlawful conduct, Mr. Crew suffered and/or continues to suffer loss of liberty, emotional pain and suffering, physical pain and suffering, out of pocket expenses, and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

50.     Mr. Crew is entitled to an award of punitive damages to punish Officer Morris for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST OFFICER OMAHONEY

51.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant NYPD Officer Daniel Omahoney is liable to the plaintiff under federal and state law, as follows:

52.     Count Seven:  excessive force in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for participating in the group assault on Mr. Crew, intentionally and unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.

53.     Count Eight:  assault and battery in violation of New York state law, for participating in the group assault on Mr. Crew, intentionally and unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.  The City of New York is vicariously liable for this violation.

54.     Count Nine:  false arrest and false imprisonment in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for intentionally

and maliciously arresting and confining Mr. Crew, without probable cause or other legal justification.

55.     Count Ten:  false arrest and false imprisonment in violation of New York state law, for intentionally and maliciously arresting and confining Mr. Crew, without probable cause or other legal justification.  The City of New York is vicariously liable for this violation.

56.     Count Eleven:  excessive force in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for intentionally and maliciously restraining Mr. Crew in handcuffs and leg shackles while inside the precinct holding cell, unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.

57.     Count Twelve:  assault and battery in violation of New York state law, for intentionally and maliciously restraining Mr. Crew in handcuffs and leg shackles while inside the precinct holding cell, unreasonably causing Mr. Crew physical injury, discomfort, and pain, without legal justification.  The City of New York is vicariously liable for this violation.

58.     Count Thirteen:  malicious prosecution in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for intentionally and maliciously filing a knowingly false felony complaint against Mr. Crew, charging him with crimes he did not commit, without probable cause or other legal justification.

59.     Count Fourteen:  malicious prosecution in violation of New York state law, for intentionally and maliciously filing a knowingly false felony complaint against Mr. Crew, charging him with crimes he did not commit, without probable cause or other legal justification.  The City of New York is vicariously liable for this violation.

60.     Officer Omahoney is not entitled to qualified immunity for any of these violations.  In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Officer Omahoney.  In each instance, it was not reasonable for Officer Omahoney to believe his actions did not violate the plaintiff's federal and state law rights.

61.     In each instance, Officer Omahoney acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

62.     As a result of Officer Omahoney's unlawful conduct, Mr. Crew suffered and/or continues to suffer loss of liberty, emotional pain and suffering, physical pain and suffering, out of pocket expenses, and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

63.     Mr. Crew is entitled to an award of punitive damages to punish Officer Omahoney for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Michael C. Crew hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A.    A judgment declaring that Officer Morris is liable for excessive force under federal law (Count One);

B.    A judgment declaring that Officer Morris and the City of New York are liable for assault and battery under state law (Count Two);

C.    A judgment declaring that Officer Morris is liable for false arrest and false imprisonment under federal law (Count Three);

D.    A judgment declaring that Officer Morris and the City of New York are liable for false arrest and false imprisonment under state law (Count Four);

E.    A judgment declaring that Officer Morris is liable for malicious prosecution under federal law (Count Five);

F.    A judgment declaring that Officer Morris and the City of New York are liable for malicious prosecution under state law (Count Six);

G.    A judgment declaring that Officer Omahoney is liable for excessive force under federal law (Count Seven);

H.    A judgment declaring that Officer Omahoney and the City of New York are liable for assault and battery under state law (Count Eight);

I.    A judgment declaring that Officer Omahoney is liable for false arrest and false imprisonment under federal law (Count Nine);

J.    A judgment declaring that Officer Omahoney and the City of New York are liable for false arrest and false imprisonment under state law (Count Ten);

K.    A judgment declaring that Officer Omahoney is liable for excessive force under federal law (Count Eleven);

L.    A judgment declaring that Officer Omahoney and the City of New York are liable for assault and battery under state law (Count Twelve);

M.    A judgment declaring that Officer Omahoney is liable for malicious prosecution under federal law (Count Thirteen);

N.    A judgment declaring that Officer Omahoney and the City of New York are liable for malicious prosecution under state law (Count Fourteen);

O.    An award of compensatory damages in an amount no less than $500,000 (against all defendants);

P.    An award of punitive damages in an amount no less than $500,000 (against defendants Morris and Omahoney);

Q.    An order imposing appropriate equitable remedies on the defendants;

R.    Pre-judgment and post-judgment interest as allowed by law;

S.    Attorney's fees, costs, and disbursements as allowed by law; and

T.    All other relief that the Plaintiff may be entitled to under law, or as justice may require.


Dated:    September 11, 2015
          New York, New York

                              Respectfully submitted,

                              *Steven M. Warshawsky*

          By:    _____
                 STEVEN M. WARSHAWSKY (SW 5431)
                 The Warshawsky Law Firm
                 Empire State Building
                 350 Fifth Avenue, 59th Floor
                 New York, NY  10118
                 Tel:  (212) 601-1980
                 Fax:  (212) 601-2610
                 Email:  smw@warshawskylawfirm.com
                 Website:  www.warshawskylawfirm.com